UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IRISH CHANNEL FUNDING, L.L.C. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| DIALYSIS CLINIC, INC. | * | JUDGE |
| | * | MAGISTRATE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Dialysis Clinic, Inc. ("DCI"), Defendant, through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the matter entitled *Irish Channel Funding, L.L.C. v. Dialysis Clinic, Inc.*, Docket No. 2014-03921, Division A-15, pending in the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and represents that:

1.   Irish Channel Funding, L.L.C. ("Plaintiff") commenced the captioned action by filing a Petition for Possession of Leased Premises (the "Petition") in the Civil District Court for the Parish of Orleans, Louisiana on April 21, 2014.

2.   At the time of filing, Plaintiff requested service of the Petition and Citation upon DCI through its agent for service of process; DCI has not yet been served with the Petition.

3.   This Notice of Removal is therefore timely under 28 U.S.C. §1446(b).

4. Venue for the removal is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Plaintiff is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana, and the property that is the subject of the lawsuit is located in New Orleans, Louisiana.

5. A copy of all process, pleadings, and orders in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

6. In its Petition, Plaintiff avers that it is a limited liability company authorized to do business in the State of Louisiana. *See* Petition, Introductory Paragraph.

7. The records available on the website of the Louisiana Secretary of State confirm that Plaintiff is a Louisiana limited liability company with its domicile in Orleans Parish, State of Louisiana.

8. In its Petition, Plaintiff correctly alleges that DCI is a corporation organized under the laws of the State of Tennessee with its principal place of business in that same state. (Pet., ¶ 2).

9. In the Petition, Plaintiff seeks to evict DCI from leased premises located in the Parish of Orleans based upon DCI's alleged failure to pay rent pursuant to a December 18, 2012 Commercial Lease Agreement (the "Lease") between Plaintiff and DCI. (Pet., ¶¶ 1-5).

10. Plaintiff further alleges that DCI's monthly rent pursuant to the Lease is $12,112.00. The Lease was to commence on the earlier of: (1) substantial completion of improvements to the leased premises by DCI, receipt of a Certificate of Occupancy, and licensure from the Louisiana Department of Health and Hospitals; or (2) March 1, 2014. (Pet., ¶¶ 3 & 6).

11. Plaintiff avers that it has never received any rent payments from DCI, DCI is in default of the Lease, and that it has notified DCI that it is in breach of the Lease. (Pet., ¶¶ 9, 12 & 17).

12. Plaintiff seeks an Order from the Court evicting DCI from the leased premises and requiring DCI to deliver the leased premises to Plaintiff due to DCI's alleged failure to pay rent pursuant to the Lease. (Pet., ¶ 18).

## DIVERSITY JURISDICTION

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

14. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of Louisiana (Petition, at Introduction). DCI, on the other hand, is organized under the laws of the State of Tennessee with its principal place of business in the State of Tennessee. (Pet., ¶ 2).

15. Louisiana generally disallows any reference to monetary damages in a Petition asserting tort claims. *See* Louisiana Civil Code of Procedure article 893(A)(1). Nonetheless, the article states that "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required." *Id.*

16. Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

17.     The removing defendant may satisfy this burden by showing that it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

18.     While Plaintiff does not expressly plead an amount of money damages sought, the allegations demonstrate that the amount in controversy is in excess of $75,000.00.

19.     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983) (citing *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029 (5th Cir.1980)); *see also Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162, 164 (M.D. La. 1985); *Ladner v. Tauren Exploration, Inc.*, 2009 U.S. Dist. LEXIS 5488, *5 (W.D. La. Jan. 27, 2009). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger*, 705 F.2d at 729 (citation omitted).

20.     The object of Plaintiff's Petition is an Order evicting DCI from the leased premises due to an alleged failure to pay rent pursuant to the Lease.

21.     The Lease allows DCI to open and operate a dialysis clinic at the leased premises.

22.     The monthly rent is $12,112.00, and Plaintiff alleges that DCI has failed to pay two (2) months of rent ($24,224.00) as of the date of filing.

23.     To date, DCI has expended $1.02 million out of a $2.8 million budget on the construction and build out of the leased premises for the purpose of opening said dialysis clinic.

24.     On April 16, 2014, DCI filed a Complaint in this Court against Plaintiff styled *DCI v. Irish Channel Funding, L.L.C.*, Civil Action No. 2:14-cv-00888, alleged breach of the

Lease, material misrepresentations, detrimental reliance and error, and sought specific performance of the Lease and, alternatively damages, referred to herein as the "DCI Lawsuit.".

25.     On April 17, 2014, DCI submitted a check for $24,224.00 for deposit into the registry of the Court in the DCI Lawsuit.

26.     On May 1, 2014, DCI submitted a check for $12,112.00 for deposit into the registry of the Court in the DCI Lawsuit.

27.     Because of a dispute with Plaintiff over the removal or relocation of a standpipe at the leased premises, DCI's work on the build out has been essentially halted and the opening of the dialysis clinic has been materially delayed. [*Id.* at ¶ 34].

28.     Should Plaintiff prevail and obtain an order evicting DCI from the leased premises, it will necessarily take Plaintiff a substantial amount of time to demolish the substantial work performed by DCI, prepare the premises for leasing and obtain a new tenant.

29.     The terms of the Lease, attached to the Petition as Exhibit A, indicate that Plaintiff may seek to recover the following damages due to DCI's alleged breach: (a) unpaid rent at the time of termination; (b) rent that would have become due after the date of termination until such time as the [Plaintiff] should have been reasonably expected to have relet the building or otherwise reasonably mitigated [its] damages; and, (c) any other damages allowed by law as reasonable expenses (Pet., Ex. A, ¶ 24).

30.     The Lease also contains a provision which allows the prevailing party in this lawsuit to recover reasonable costs and attorney's fees associated with this proceeding. (Pet., Ex. A, ¶ 25).

31.     Because Plaintiff may recover rent at $12,112.00 per month until Plaintiff is able to re-lease the premises, attorney's fees and other unspecified damages pursuant to the Lease

terms, the value of the right to be protected through Plaintiff's Petition reasonably appears to exceed the $75,000.00 amount in controversy requirement.

32. Plaintiff's Petition fails to negate that the amount in controversy is less than $75,000.00 as allowed by La. C.C.P. art 893(A)(1) in order to avoid federal jurisdiction under at the time of removal.

33. Because plaintiffs in Louisiana are not limited to recovery of damages requested in their pleadings, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. Plaintiff did not file such a binding stipulation or affidavit with its Petition.

34. Furthermore, plaintiffs filing suit in Louisiana state courts allege an indeterminate amount of damages, unless they affirmatively renounce their right to recover damages in excess of $75,000. *Jacobs v. Dun & Bradstreet, Inc.*, 2009 WL 211098, *2 (E.D.La. Jan. 27, 2009); *Levith v. State Farm Fire & Cas. Co.*, 2006 WL 2947906, *2 (E.D.La. Oct. 11, 2006).

35. In the absence of specific allegations that the amount in controversy is *less than* $75,000, the items of damages alleged by a plaintiff are factors that generally weigh in favor of finding the facially apparent test satisfied. *Jeffcoats v. Rite-Aid Pharmacy*, 2001 WL 1561803, *3-4 (E.D.La. Dec. 6, 2001).

36. Article 893(C) of the Louisiana Code of Civil Procedure establishes that damages are based on the evidence: "Evidence at trial or hearing of a specific monetary amount of damages shall be adduced in accordance with the Louisiana Code of Evidence or other applicable law." Article 862 of the Louisiana Code of Civil Procedure states: "Except as

6

provided in Article 1703 [regarding default judgments], a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." "Under La. Code Civ. Proc. Ann. art. 862, a party is entitled to any relief to which he is entitled regardless of whether he has demanded such relief in his pleadings." *1994 Exxon Chem. Fire v. Berry*, 558 F.3d 378, 388 (5th Cir. 2009).

37. For these reasons, DCI submits that the amount in controversy requirement is satisfied and that Plaintiff has the burden to demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *See Also Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993).

## REMOVAL PROCEDURE AND RESERVATION OF RIGHTS

38. A copy of this Notice of Removal is being served upon Plaintiff.

39. A copy of the Notice to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, which has been filed in that Court, is attached hereto as Exhibit "A."

40. A copy of the state court petition is attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

41. Defendant will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

42. Defendant reserves and maintains its rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions

specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendant, Dialysis Clinic, Inc., hereby provides notice that this action is duly removed.

Respectfully submitted:

___/s/ Margaret F. Swetman_____
**George D. Fagan – T.A. (#14260)**
**Margaret F. Swetman (#29195)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163
Telephone: (504) 585-7500
Facsimile: (504) 585-7775
gfagan@leakeandersson.com
mswetman@leakeandersson.com
*Counsel for Defendant,*
*Dialysis Clinic, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record on May 1, 2014, by ECF filing, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

___/s/ Margaret F. Swetman_____

41511 / 333